**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| EIGHT DEER VENTURES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>Defendant. | No. 2:26-cv-00572-JRG (LEAD CASE) |
| EIGHT DEER VENTURES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC,<br><br>Defendant. | No. 2:26-cv-00573-JRG (MEMBER CASE) |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

   (a) the correct names of the parties to the lawsuit;

   (b) the name, address, and telephone number of any potential parties;

(c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f) any settlement agreements relevant to the subject matter of this action; and

(g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.**[1] A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.

3. **Additional Disclosures.** Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

(a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to

[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with the following:

(a) *Definitions*.

i. The term "Defendants" refers to the named Defendants, Cellco Partnership d/b/a Verizon Wireless and AT&T Mobility LLC.

ii. Each "Defendant" comprises the named defendants and related defendant corporate entities.

iii. "Side" means a party or group of parties with a common interest, *i.e.*, Defendants comprise one side and Plaintiff comprises the other side.

iv. In the event that any additional parties are added to these cases, the parties shall meet and confer in good faith regarding modifications to the limitations set forth in this Paragraph 5.

(b) *Interrogatories*.

i. Plaintiff may serve up to twenty (20) common interrogatories on the Defendants.

ii. In addition, Plaintiff may serve ten (10) specific interrogatories on each Defendant.

iii. Defendants may serve up to twenty (20) common interrogatories on Plaintiff.

iv. In addition, each Defendant may serve up to ten (10) individual interrogatories on Plaintiff.

(c) *Requests for Admission*.

i. Each side may serve forty (40) requests for admission, excluding requests for admission for the purpose of authenticating a document or establishing its admissibility, which are unlimited. The parties are required to meet and confer in good faith prior to serving any requests for admission directed solely to the authentication of documents and things to determine whether the requests are necessary and/or reasonable. Parties must respond promptly to any request for such a meet and confer.

(d) *Fact Depositions Under Fed. R. Civ. P. 30(b)(1) and 30(b)(6).*

i. Plaintiff shall be permitted up to fifty (50) hours of deposition testimony per Defendant, including depositions under Rule 30(b)(1) and 30(b)(6).

ii. Defendants shall jointly be permitted up to eighty (80) hours of deposition testimony of Plaintiff, including depositions under Rule 30(b)(1) and 30(b)(6).

iii. Each side shall be permitted up to seventy (65) hours of deposition testimony of third parties.

iv. The parties may take unlimited depositions on written questions of custodians of business records. The parties are required to meet and confer in good faith prior to serving any depositions on written questions on a party witness, to determine whether the deposition is necessary and/or reasonable.

v. Each party reserves the right to seek an adjustment of these time limits based upon changes to the scope of discovery, or the addition or dismissal of any parties, in these cases. These provisions, further, may be amended by agreement of the parties. The parties shall coordinate depositions to reduce redundancy and inconvenience to the parties.

i. The parties agree that employees of the parties may be served with deposition notices through the party's counsel, rather than being served by a subpoena.

ii. For the convenience of witnesses, counsel and parties, the parties shall confer about the scheduling and locations of the depositions of witnesses after the service of deposition notices and subpoenas. Absent agreement to the contrary, a party witness will be deposed near his or her office or home, or where the party's attorneys have an office, at the witness's discretion. The taking party may elect to take any deposition either in person or virtually. Absent agreement to the contrary, virtual depositions shall be taken during regular business hours of the witness. Each deposition of a party witness under Rule 30(b)(1) only shall count as a minimum of 3.5

hours against these limits. Subject to paragraph 5(e), a witness shall not be required to testify for more than seven (7) hours on a single day, absent agreement to the contrary.

(e) *Translated Depositions.*

i. For any deposition that requires a translation between English and any foreign language for all or nearly all of the deposition, the time limits set forth above shall be increased by 50%. For example, if an entire deposition is translated, the taking party is entitled to ten and a half (10.5) hours of deposition time, of which seven (7) hours shall count toward the deposition limits established in this Discovery Order and by the Federal Rules of Civil Procedure. In no event, however, shall a witness requiring translation be required to testify for more than nine (9) hours on a single day.

(f) *Expert Depositions.*

i. Depositions of experts are not included in the limitations set forth above.

ii. Each party may depose an expert that serves an opinion against that party for up to seven (7) hours per opening and rebuttal report. For example, if a single expert provides an opening report on invalidity and a rebuttal report on non-infringement, the opposing party may depose that expert for a total of fourteen (14) hours (*i.e.*, seven (7) hours per report). The parties agree to meet-and-confer regarding any deposition time related to any additional reports, such as supplemental reports, if permitted.

iii. Each party is limited to a total of five (5) testifying expert witnesses.

(g) Any party may later move to modify these limitations for good cause.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. However, if the party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

(a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i).

Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e) Any change to a party's lead attorney designation must be accomplished by motion and order.

(f) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery.**

(a) **Service.** The parties agree to accept service of letters, discovery requests, and other documents (except in the case of documents required to be filed with the Court electronically, the service of which is governed by the Local Rules, or documents that are too voluminous for email) in PDF format via email. The parties further agree that service via this method after 5:00 p.m. Central Time is deemed to have occurred on the following day only for purposes of calculating a response date to the document served. For clarity, documents served at or before 11:59 p.m. Central Time will still be deemed timely.

(b) Notwithstanding paragraph 6 of this Order, the parties agree that privilege logs served pursuant to FRCP 26(b)(5)(A) are not required to include communications and documents exchanged between a party and its litigation counsel, or between litigation counsel, so long as any such communications pertain only to this lawsuit and were created on or after July 10, 2026, the date the complaint was filed in this lawsuit.

(c) Discovery of email and other forms of electronic correspondence (collectively "email"), if any, shall be governed by a separate ESI Order. The parties will negotiate modifications to the Court's model E-Discovery Order for Patent Cases and will submit an agreed Proposed Order to the Court for approval within forty-five (45) days of the entry of the Discovery Order.

(d) **Third Party Discovery.** A Party who serves a subpoena in this case on a third party shall provide a copy to the other parties within three (3) business days of initiating service of the subpoena. A Party who commands a deposition through a subpoena will invite and allow the other parties to attend such deposition, but any questioning by other parties shall count against the other party's time pursuant to paragraph 3(d)(iii). A party scheduling a

deposition of a third party shall provide notice of the deposition date to all parties by at least seven days prior to the deposition and shall otherwise include counsel for all Parties on any communications with the third party. A Party who receives documents or source code from a third party pursuant to a subpoena will reproduce those documents to the other parties, or notify them that source code has been made available for inspection by a third party, within five (5) business days. Where reproduction of documents within five business days is not possible, the Party who received the documents will provide prompt notice to the other parties and will work in good faith to resolve the issue on a case-by-case basis. This section does not change the existing obligations and requirements set forth in Fed. R. Civ. P. 45, or other Federal Rules of Civil Procedure.

(e) **Expert Reports and Discovery.** The parties agree that communications with experts and draft expert reports are not discoverable, unless relied upon by the expert in forming any opinions in this litigation.

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**So Ordered this**

**Nov 2, 2026**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE